IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RUTH ANN MUNGER, Individually, and in her Capacity as Co-Personal Representative of the Estate of Philip Louis Cloud,

        Plaintiff,

v.

INTEL CORPORATION, a Delaware Corporation, as Plan Administrator of the Intel Retirement Contribution Plan, Intel 401(K) Savings Plan; Intel Minimum Pension Plan, Intel Retiree Medical Plan, and Sheltered Employee Retirement Medical Account; and TRACY LAMPRON CLOUD,

        Defendants.

No. 3:22-cv-00263-HZ

OPINION & ORDER

Erin K. Olson
Law Office of Erin Olson, P.C.
1631 N.E. Broadway Street #816
Portland, OR 97232-1425

Megan Johnson
Pickett Dummigan McCall LLP
210 S.W. Morrison Street, 4th Floor
Portland, OR 97204

    Attorneys for Plaintiff

1 – OPINION & ORDER

Sarah J. Ryan
Anthony Copple
Donald P. Sullivan
Jackson Lewis P.C.
200 SW Market Street, Suite 540
Portland, Oregon 97201

      Attorneys for Intel Defendants

Tracy Lampron Cloud
#23662184
Coffee Creek Correctional Facility
24499 S.W. Grahams Ferry Road
Wilsonville, OR 97070

      Defendant, *Pro Se*

HERNÁNDEZ, District Judge:

This matter comes before the Court on Plaintiff's Motion for Summary Judgment, ECF 29, and Plaintiff's Motion to Strike Defendant Cloud's Declaration and Surresponse to Motion for Summary Judgment, ECF 44. For the reasons that follow, the Court grants Plaintiff's Motions.

## BACKGROUND

Philip Louis Cloud ("Philip Cloud") was an employee of Defendant Intel Corporation and a participant in five employee benefit plans (the Plans)[1] through his employment with Defendant Intel Corporation: (1) the Intel 401(k) Savings Plan; (2) the Intel Retirement Contribution Plan ("RC Plan"); (3) the Intel Minimum Pension Plan ("MP Plan"); (4) the Intel Retiree Medical Plan ("IRM Plan"); and (5) the Intel Sheltered Employee Retirement Medical Account ("SERMA"). Philip Cloud was fully vested or otherwise eligible to participate in the Plans at the

---

[1] It is undisputed that the Plans are governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*.

time of his death. The Plans provide that Philip Cloud's wife, Defendant Tracy Cloud ("Cloud"), is his primary beneficiary and his estate is the secondary beneficiary.

On September 23, 2019, Cloud killed Philip Cloud. On January 8, 2020, a Washington County grand jury indicted Cloud on a charge of second degree murder.

On February 11, 2020, the Estate of Philip Cloud through Ruth Ann Munger filed in a probate case before Washington County Circuit Court (No. 19PB07623) a petition for declaratory judgment pursuant to Oregon's Slayer Statute, Or. Rev. Stat. 112.455 *et seq.*, in which it sought a declaration of the "respective property interests, rights, claims, assets, and liabilities of the Decedent, Philip Louis Cloud; his slayer, Tracy L. Cloud; and any other heirs, entities or persons." FAC, Ex. 4 at ¶ 8(4).[2]

On November 13, 2020, Ruth Ann Munger, acting on behalf of Philip Cloud's estate, submitted a claim to the Intel Retirement Plans Administrative Committee seeking Philip Cloud's Plan benefits on the grounds that Oregon and federal law prohibit "slayers from profiting from their crimes" and Cloud was "being held without bail in Washington County, Oregon, on charges of Murder in the Second Degree." FAC, Ex. 4 at 1. The Committee did not distribute the Plan benefits.

On November 9, 2021, a Washington County jury convicted Cloud of second degree murder. Cloud filed an appeal of her conviction to the Oregon Court of Appeals and her appeal remains pending.

On February 17, 2022, Ruth Ann Munger, individually and in her capacity as personal representative of the Estate of Philip Cloud, filed a Complaint in this Court pursuant to ERISA in

---

[2] There are three matters involving Philip Cloud's estate and Cloud pending in Washington County Circuit Court: a probate case (19PB07623), a trust matter (20PB01615), and a wrongful-death action (22CV07069). Olson Decl., Ex. 1 at 5. ECF 38.

3 – OPINION & ORDER

which she seeks payment of Philip Cloud's Plan benefits to the estate of Philip Cloud on the basis that Cloud is the "slayer" of Philip Cloud and, therefore, she is not entitled to any Plan benefits. Cloud opposes payment of the Plan funds to Philip Cloud's estate on the basis that she was wrongfully convicted of murdering Philip Cloud.

On November 15, 2022, Intel Defendants filed a Counterclaim and Crossclaim for Interpleader and Request for Declaratory Relief in which they note the competing claims to the Plan benefits, request this Court determine the rights of the parties to certain proceeds payable from the 401(k) Plan and the RC Plan, and seek a determination whether Oregon's slayer statute or federal common law preclude Cloud from being eligible to receive benefits under the terms of the MP Plan, IRM Plan, and/or SERMA.

In November and December 2022, Cloud filed two Motions to Dismiss or Put in Abeyance in which she requested this Court dismiss, or in the alternative, stay this matter pending the appeal of her conviction.

On December 8, 2022, Plaintiff filed a Motion for Summary Judgment in which Plaintiff requests the Court "exercise its discretion to estop Ms. Cloud from relitigation [*sic*] the question of whether she murdered Philip" Cloud. Pl. Mot. for Summ. Judgment at 8.

On January 12, 2023, Plaintiff filed a Motion to Strike Defendant Cloud's Declaration and Surresponse to Motion for Summary Judgment.

On February 6, 2023, the Court granted Cloud's Motions to Put in Abeyance; stayed this matter until the completion of either Cloud's criminal appeal or the state-court wrongful-death proceedings, whichever occurred first; and denied the other pending Motions with leave to renew after the Court lifted the stay.

On February 8, 2023, Plaintiff filed a Motion to Lift Stay and Reinstate Motions in which she advised the Court that on January 20, 2023, "the state court adjudicated Cloud a slayer and found her liable for the wrongful death of Philip Cloud." Pl.s' Mot. to Life Stay, ECF 52, at 2, Ex. 1-3. To support her Motion Plaintiff submitted an Order in the probate matter granting Munger's partial motion for summary judgment and a limited judgment in the probate matter ruling "Tracy Lampron Cloud is the 'slayer' of Philip Louis Cloud within the meaning of ORS 112.455(3)." Pl.s' Mot., Ex. 1-2. Plaintiff also submitted an Order issued in the wrongful-death action granting Plaintiff's motion for partial summary judgment on the issues of liability and causation and finding that Cloud "has been convicted of Murder in the Second Degree for killing [Philip Cloud]; that there is therefore no genuine issue as to any material fact concerning [Cloud's] liability for and causation of the death of [Philip Cloud]." Pl.s' Mot., Ex. 3 at 1-2. Plaintiff, therefore, requested the Court lift the stay in this matter and reinstate Plaintiff's Motion to Strike and Motion for Summary Judgment.

On March 8, 2023, the Court held a hearing on Plaintiff's Motion to Lift Stay at which Plaintiff's counsel represented to the Court that Plaintiff is not seeking resolution of the Plan funds at issue in this matter in any of the state-court proceedings. The Court, therefore, granted Plaintiff's Motion, lifted the stay, and reinstated Plaintiff's Motions. The Court permitted Cloud to file a supplemental response to Plaintiff's Motion and took the matter under advisement on April 11, 2023.

**PLAINTIFF'S MOTIONS TO STRIKE**

In her Motion to Strike, Plaintiff requests the Court Strike Cloud's Declaration in support of her Surreponse to Plaintiff's Motion for Summary Judgment, ECF 40, and Cloud's Surresponse to Plaintiff's Motion for Summary Judgment, ECF 41. In her Reply in Support of

Motion for Summary Judgment Plaintiff moves to strike Cloud's Declarations filed in support of her Motions to Act in Pro Se, ECF 23 and 33. In her Supplemental Reply in Support of Motion for Summary Judgment Plaintiff moves to strike the transcript of Cloud's testimony during the criminal trial offered by Cloud as substantive evidence in her Supplemental Response to Motion for Summary Judgment, ECF 56. Plaintiff asserts, among other things, that "it is improper for [Cloud] to assert her privilege against self-incrimination to avoid a deposition or other discovery responses under oath while selectively waiving the privilege" in various Declarations and documents. Pl. Mot. to Strike at 4.

**I.      Declarations**

In the Declarations at issue Cloud makes various factual statements regarding evidence adduced at her criminal trial. Cloud, however, asserted her privilege against self-incrimination in this matter to avoid a deposition and responses to discovery requests.

The Ninth Circuit has "long held that a district court may strike the testimony of a witness in a criminal proceeding to avoid a witness's improper use of the Fifth Amendment privilege against self-incrimination as a sword as well as a shield." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 640 (9th Cir. 2012)(citing *United States v. Seifert*, 648 F.2d 557, 561 (9th Cir. 1980)). "The purpose of this rule is to protect the integrity and truth-seeking function of the judicial system from the distortions that could occur if a witness could testify and then use the Fifth Amendment privilege to prevent any adversarial testing of the truth of that testimony." *Id.* In *$133,420.00 in U.S. Currency* the Ninth Circuit approved the district court's application "of this rule in a civil proceeding." *Id.* In that case the district court struck an interrogatory response on the basis that "it was improper to allow [the respondent] to rely on this response to bolster his case for standing when he had invoked his Fifth Amendment privilege

against self-incrimination to refuse to respond to further questioning about" that issue. *Id.* The Ninth Circuit concluded the district court did not err in striking the interrogatory response and noted it agreed with "five of its sister circuits" that "[p]reserving the integrity and the truth-seeking function of the judicial process is as important in civil as in criminal proceedings." *Id.* at 641 (citing *United States v. $148,840.00*, 521 F.3d 1268, 1277 (10th Cir. 2008)("It is well established that in a civil case a district court may strike conclusory testimony if the witness asserts the Fifth Amendment privilege to avoid answering relevant questions, yet freely responds to questions that are advantageous to his cause."); *United States v. 4003–4005 5th Ave.*, 55 F.3d 78, 84–85 (2d Cir. 1995)("If it appears that a litigant has sought to use the Fifth Amendment to abuse or obstruct the discovery process, trial courts, to prevent prejudice to opposing parties, may adopt remedial procedures or impose sanctions."); *Edmond v. Consumer Prot. Div. (In re Edmond )*, 934 F.2d 1304, 1308 (4th Cir. 1991)("[T]he Fifth Amendment privilege cannot be invoked as a shield to oppose depositions while discarding it for the limited purpose of making statements to support a summary judgment motion."); *United States v. Parcels of Land*, 903 F.2d 36, 43 (1st Cir. 1990) (holding in a civil forfeiture action that "a witness' direct testimony can be stricken if she invokes the fifth amendment on cross-examination to shield that testimony from scrutiny"); *United States v. Baker*, 721 F.2d 647, 650 (8th Cir. 1983)).

      The Court finds Cloud may not invoke the Fifth Amendment privilege as a shield to oppose depositions while discarding it for the limited purpose of making statements to oppose summary judgment. The Court, therefore, grants Plaintiff's requests to strike Cloud's Declaration in support of her Surreponse to Plaintiff's Motion for Summary Judgment, ECF 40, and Cloud's Declarations filed in support of her Motions to Act in Pro Se, ECF 23 and 33.

7 – OPINION & ORDER

**II.     Trial Transcript**

Plaintiff requests the Court strike the portions of the criminal trial transcript submitted by Cloud in her Supplemental Response to Motion for Summary Judgment, ECF 56 at 21-52, to the extent that they are submitted as substantive evidence on the basis that Cloud has "prevented [P]laintiff from testing her evidence by invoking her right to remain silent." Pl. Supp'l Reply at 3. Plaintiff, however, does not object to the Court considering the transcript and its index as evidence that Cloud had a full and fair opportunity to litigate her guilt in the criminal trial.

The Court declines to consider Cloud's trial testimony as substantive evidence because, as with her Declarations, Cloud cannot invoke her Fifth Amendment privilege as a shield to oppose depositions while discarding it for the limited purpose of making or submitting statements to support her opposition to summary judgment. The Court, however, considers the transcript and its index in its evaluation of whether Cloud received a full and fair opportunity to litigate her guilt in the criminal trial.

**III.    Cloud's Surresponse to Plaintiff's Motion for Summary Judgment**

Plaintiff moves to strike Cloud's Surresponse to Plaintiff's Motion for Summary Judgment, ECF 41, on the same grounds that she moves to strike Cloud's Declarations and the trial transcript selections submitted by Cloud because the Surresponse cites extensively from the trial transcript and makes various assertions of fact. The Court strikes the portions of Cloud's Surresponse in which she makes assertions of fact related to evidence adduced at trial and declines to consider as substantive evidence the portions of the trial transcript cited in Cloud's Surresponse.

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

In her Motion for Summary Judgment Plaintiff requests the Court "exercise its discretion to estop Ms. Cloud from relitigation [*sic*] the question of whether she murdered Philip [Cloud]." Pl. Mot. for Summ. Judgment at 8. Plaintiff points out that the jury unanimously found Cloud guilty of murdering Philip Cloud and asserts Cloud had a full and fair opportunity to litigate the question of her guilt, including her claim of self defense. Cloud opposes summary judgment on the basis that she was wrongly convicted, and her criminal appeal remains pending.

"Issue preclusion, or collateral estoppel, 'bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'" *Garity v. APWU*, 828 F.3d 848, 865 n.8 (9th Cir. 2016)(quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). "Collateral estoppel . . . serves to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.'" *U.S. v. Mendoza*, 464 U.S. 154, 158, (1984)(quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Courts have broad discretion to determine when offensive collateral estoppel should be applied. *Parklane Hosiery v. Shore*, 439 U.S. 322, 331 (1979).

"For collateral estoppel to apply and bar a legal issue from being re-litigated" in the context of a criminal conviction,

> "(1) the prior conviction must have been for a serious offense so that the defendant was motivated to fully litigate the charges; (2) there must have been a full and fair trial to prevent convictions of doubtful validity from being used; (3) the issue on which the prior conviction is offered must of necessity have been decided at the criminal trial; and (4) the party against whom the collateral estoppel is asserted was a party or in privity with a party to the prior trial."

*Fodrey v. City of Rialto,* 860 F. App'x 505, 507 (9th Cir. 2021)(quoting *Ayers v. City of Richmond*, 895 F.2d 1267, 1271 (9th Cir. 1990)). "Generally, if the defendant in the case before the court was also the defendant in a prior criminal case involving a serious offense, he not only [had] the opportunity, but also the motive to defend fully." *N.S. v. Rockett,* No. 3:16-CV-2171-AC, 2018 WL 6920125, at *8 (D. Or. Oct. 19, 2018), report and recommendation adopted, No. 3:16-CV-2171-AC, 2018 WL 6920112 (D. Or. Nov. 28, 2018)(quotation omitted). Because "a criminal judgment requires significantly more reliable evidence than a [civil] judgment, the guilt was shown even with a heavier burden of proof." *Id*. (quotation omitted).

Cloud's conviction was for second degree murder, which is a serious offense. The Court, therefore, finds Cloud was motivated to fully litigate the charge. The issue on which the prior conviction is offered (whether Cloud murdered Philip Cloud) was decided in the criminal trial and Cloud was a party to the criminal case. In addition, the criminal trial was a full and fair proceeding. Specifically, the record reflects Cloud was represented in her criminal case and it included several pretrial evidentiary motions filed by Cloud and heard by the court, including motions to suppress and motions in limine; eight days of trial that included Cloud's claim of self defense; and defense post-trial motions, including a motion for judgment of acquittal and a motion for new trial. Cloud called 18 defense witnesses, including a forensic accountant and several mental-health and domestic-violence professionals, and submitted 28 defense exhibits. The Court finds on this record that Cloud had a full and fair trial sufficient to prevent a "conviction[] of doubtful validity from being used" in this matter. In addition, although Cloud's appeal of her conviction remains pending, the Ninth Circuit has held that "a final judgment retains its collateral estoppel effect, if any, while pending appeal." *Collins v. D.R. Horton*, 505 F.3d 874, 882 (9th Cir. 2007). The Court, therefore, applies collateral estoppel to bar Cloud from

10 – OPINION & ORDER

relitigating in this action whether Cloud murdered Philip Cloud. Accordingly, the Court grants Plaintiff's Motion for Summary Judgment.

## CONCLUSION

The Court GRANTS Plaintiff's Motion to Strike Defendant Cloud's Declaration and portions of Cloud's Surresponse to Motion for Summary Judgment, ECF 44; GRANTS Plaintiff's Motion for Summary Judgment, ECF 29; and estops Cloud from relitigating in this matter whether she murdered Philip Cloud. The Court DENIES pending motions as moot.

IT IS SO ORDERED.

DATED: _____May 3, 2023_____.

_____
MARCO A. HERNANDEZ
United States District Judge